**NOT FOR PUBLICATION**



FILED

JUN 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINXI PANG, | No. 13-72750 |
| Petitioner, | Agency No. A200-792-264 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2016[**]
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,[***] Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Jinxi Pang petitions this court for review of the Board of Immigration Appeals's (BIA) denial of his application for asylum. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Pang is a national and citizen of China who claims that he was repeatedly harmed by the Chinese government, on account of his social status as a citizen against China's family planning laws, and on account of imputed religious beliefs. However, the immigration judge (IJ) denied his application for asylum, finding numerous problems with Pang's testimony and corroborating documents. The IJ also determined that even assuming Pang was credible, the record evidence was inadequate to qualify for asylum. Pang challenges the BIA's decision to uphold the adverse credibility determination.[1]

We review the BIA's decision to deny asylum relief for substantial evidence. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). Adverse credibility determinations are findings of fact and should not be overturned if a reasonable factfinder could agree with the agency's decision. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

---

[1] Pang does not challenge the IJ's alternate and independent decision to deny Pang's asylum application for insufficient evidence of persecution. We need not address this omission, however, in light of our decision here.

Under the REAL ID Act, an IJ may consider such factors as the applicant's responsiveness and the internal consistency of his narrative in making adverse credibility determinations. 8 U.S.C. § 1158(b)(1)(B)(iii). An adverse credibility finding may be based on testimony that does not go "to the heart of the applicant's claim," but adverse findings must be based on "the totality of the circumstances." *Id.* Here, the IJ found Pang incredible because of: (1) inconsistencies and vagueness regarding the dates of Pang's Europe travels; (2) inconsistencies regarding when Pang determined he wanted to leave China; (3) inconsistencies about Pang's wife's abortion; and (4) inconsistencies regarding the whereabouts of Pang's first passport. Substantial evidence supports the BIA's decision to affirm the IJ's adverse credibility finding.

First, Pang twice changed his answer to questions on his European travel dates, saying first that he did not remember when he went to Europe, then saying that he traveled before July 2008, and then saying that he could not remember any date at all. Repeatedly changing answers to a question can have a "bearing on the petitioner's veracity," unless the petitioner gives some justification for the inconsistency. *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011). And here Pang gave none.

3

Second, the IJ found it problematic that Pang initially testified that he began to make arrangements to leave China before 2008, but later during cross-examination testified that he did not consider leaving China until 2010. Pang did not raise this challenge in his opening brief on review here, so the argument is waived. *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356–57 (9th Cir. 1998).

Third, Pang gave inconsistent answers regarding whether his wife knew she was pregnant before or after visiting a doctor in China. He first testified that his wife found out she was pregnant by visiting a doctor when she felt ill, but he later said that his wife "suspected; however, she thought it would be more accurate to hear it from a doctor." On review, Pang contends that he was trying to say that his wife "suspected" she was ill, not pregnant, but factual findings by the agency are reviewed "under the deferential substantial evidence standard." *Ai Jun Zhi*, 751 F.3d at 1091.

Fourth, Pang also argues that the IJ erred by using Pang's inconsistent testimony regarding his old passport as a basis for the adverse credibility determination. The IJ erroneously considered the inconsistency without asking Pang "about these discrepancies or giv[ing] him an opportunity to reconcile them." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). But the other

4

testimonial problems discussed above are sufficient to support the adverse credibility finding.

"Considering the totality of the circumstances, and all relevant factors," the IJ was justified in finding Pang not credible. 8 U.S.C. § 1158(b)(1)(B)(iii). The record does not compel the conclusion that he was credible.

Pang also argues on appeal that the IJ made two errors regarding corroboration: (1) not giving Pang an opportunity to obtain the corroborating evidence that the IJ deemed necessary, and (2) giving diminished weight to the corroborating evidence Pang did provide. However, Pang failed to exhaust the first argument to the BIA, 8 U.S.C. § 1252(d)(1), and he is wrong about the second. The IJ and the BIA reasonably concluded that Pang's evidence did not actually corroborate his specific story of mistreatment by the Chinese government.

**PETITION DENIED**.